# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-00024-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### Screening Order

**I.  Screening Requirement and Standard**

Plaintiff Chester Ray Wiseman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2010. Plaintiff's claims arise from events which occurred when he was incarcerated at Kern Valley State Prison. Plaintiff alleges that his rights under the Eighth Amendment of the United States Constitution were violated by Defendants A. Romero, a correctional officer; California Department of Corrections and Rehabilitation Secretary Matthew Cate; and Kern Valley State Prison Warden K. Harrington.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**III.     Plaintiff's Eighth Amendment Claims**

   **A.     Allegations**

On June 20, 2009, Plaintiff was descending from the top bunk bed when he twisted his left knee, injuring the knee and his lower back. Building staff were made aware of the situation immediately, but the morning meal was being served to inmates so Defendant Romero refused to provide Plaintiff with emergency medical treatment. Defendant Romero told Plaintiff to fill out a form requesting medical care. Plaintiff claims that as a result, he endured severe pain and swelling for up to nine days before receiving medical care. Plaintiff also claims that Defendant Romero refused to honor Plaintiff's medical chrono for a lower bunk, which was issued as a result the injuries Plaintiff sustained.

On June 29, 2009, Plaintiff sent letters to Defendants Cate and Harrington stating that bunk ladders were needed in order for prisoners to safety access the top bunk beds. Plaintiff also notified

them that he was denied emergency medical care on June 20, 2009. Neither Defendant took steps to have bunk ladders installed or to train staff on responding to medical emergencies.

### B. Lack of Bunk Ladders

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

The failure to provide bunk ladders is simply not a condition so grave that it deprives Plaintiff of the minimal civilized measure of life's necessities, and there are no extenuating circumstances alleged which might present an exception to this common sense conclusion. See e.g., Lemelle v. Walker, No., CIV-S-10-0870 WBS GGH P, 2011 WL 221442, at *2 (E.D.Cal. Jan. 24, 2011) (absence of bunk ladder not an Eighth Amendment violation); Hucker v. California Dep't of Corr., No. 1:09-cv-01262-MJS (PC), 2010 WL 204904747, at *3-4 (E.D.Cal. Nov. 24, 2010) (failure to provide step or bunk ladder "may not reasonably be characterized as a deliberate deprivation of a human need or as a condition that placed Plaintiff's health or welfare in imminent danger"); Robinett v. Corr. Training Facility, No. C 09-3845 SI (pr), 2010 WL 2867696, at *2-3 (N.D.Cal. Jul. 20, 2010) (laddlerless bunk beds do not satisfy objective element of Eighth Amendment claim); Chisman v. Arpaio, CV 06-1647-PHX-JAT (MEA), No. 2008 WL 2116906, at *1 n.2 (D.Ariz. May 20, 2008) (claim concerning lack of ladders to descend from top bunk dismissed from action for failure to state a claim). Because the condition is not sufficiently serious to support an Eighth Amendment claim, Plaintiff's claim against Defendants Cate and Harrington fails.

**C.     Denial of Medical Care**

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Notably, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin, 974 F.2d at 1059, and "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations do not support a claim that the injuries to his knee and back were so severe that they required immediate, emergency medical treatment and therefore, Defendant Romero's refusal to summon immediate medical care for Plaintiff does not support a claim. Although Plaintiff also alleges that he did not receive any medical care for up to nine days, it is unclear what happened during those nine days.  Plaintiff was told by Defendant Romero to put in a request for medical care, which is one of the ways in which inmates can seek medical attention. There is nothing obviously inappropriate about this instruction under the circumstances described.

In the absence of any facts describing what occurred after Plaintiff's initial fall and Defendant Romero's instruction to pull in a request form, there is no support for Plaintiff's bare claim that Defendant Romero acted with deliberate indifference to his serious medical needs. Farmer, 511 U.S. at 837.  Likewise, Plaintiff's conclusory allegation that Defendant Romero would not honor his lower bunk chrono is insufficient to support an Eighth Amendment claim. Iqbal, 129 S.Ct. at 1949-50.  Plaintiff will be given leave to amend, in the event these deficiencies are curable.

4

**III.      Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint, filed January 6, 2010, is dismissed for failure to state a claim upon which relief may be granted;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 3, 2011                              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE