1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  | CHESTER RAY WISEMAN,              CASE NO. 1:10-cv-00024-LJO-SKO PC

9  |               Plaintiff,   FINDINGS AND RECOMMENDATIONS
   | RECOMMENDING ACTION PROCEED ON
10 |   v.                   EIGHTH AMENDMENT CLAIM AGAINST
   | DEFENDANT ROMERO AND REMAINING
11 | MATTHEW CATE, et al.,            CLAIMS AND PARTIES BE DISMISSED

12 |            Defendants.   (Doc. 11)

13 |                                  /   THIRTY-DAY OBJECTION DEADLINE

14

15      **Findings and Recommendations Following Screening of Amended Complaint**

16 **I.**     **Screening Requirement and Standard**

17          Plaintiff Chester Ray Wiseman, a state prisoner proceeding pro se and in forma pauperis,

18 filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2010.  On March 4, 2011,

19 the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state

20 any claims.  Plaintiff filed an amended complaint on March 21, 2011.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

23 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

24 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

25 from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

26 1915(e)(2)(B)(ii).

27          A complaint must contain "a short and plain statement of the claim showing that the pleader

28 is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, who is currently incarcerated at Pleasant Valley State Prison, brings this action against Correctional Officer A. Romero, California Department of Corrections and Rehabilitation Director Matthew Cate, and Warden K. Harrington for allegedly violating his rights under the Eighth Amendment of the United States Constitution while he was incarcerated at Kern Valley State Prison in Delano, California. Plaintiff also alleges a supplemental state law claim for violation of section 845.6 of the California Government Code.

Plaintiff alleges that on June 20, 2009, he injured himself while descending from his upper bunk. Plaintiff twisted his left knee as he stepped onto a stool and he fell to the floor, striking his back on the stool. Plaintiff's cellmate called "man down" to obtain emergency medical care. There was no response and when his cellmate went downstairs to collect his food, he informed Defendant Romero that Plaintiff was lying on the cell floor, apparently badly injury. Without checking into the

1    extent of Plaintiff's injuries, Defendant Romero responded that morning meals were being served
2    and nothing could be done, and he gave Plaintiff's cellmate a health care request form for Plaintiff
3    to fill out and submit to medical staff.

4        Plaintiff's cellmate returned to the cell and helped Plaintiff off the floor.  Plaintiff was
5    subsequently seen for medical attention on June 24, 2009, when his injuries were examined and
6    documented by a nurse.  Plaintiff was given an x-ray of his left knee, a bandage wrap, and pain
7    medication, but it was too late to apply ice for the swelling.

8        On June 29, 2009, Plaintiff was seen by a doctor, who examined Plaintiff and issued braces
9    for both knees, crutches, medication, and a lower bunk, lower tier chrono.  Plaintiff informed
10   Defendant Romero about the lower bunk, lower tier chrono;  Defendant Romero told him that until
11   a lower bunk on a lower tier became available, Plaintiff would have to remain in his assigned bunk
12   and cell.  Defendant Romero moved Plaintiff on July 2, 2009, and again July 11, 2009, both times
13   to other upper bunks in upper tier cells.

14       On August 14, 2009, Plaintiff was transferred to California State Prison-Lancaster.

15   **B.    Claims Against Defendant Romero**

16          **1.    Eighth Amendment Claims**

17              **a.    Failure to Summon Immediate Medical Attention**

18       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
19   conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
20   U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise
21   to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner
22   of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
23   deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
24   (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official
25   does not act in a deliberately indifferent manner unless the official "knows of and disregards an
26   excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970
27   (1994).

28   ///

1  "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d 1051, 1060 (9th Cir.
2  2004). "Under this standard, the prison official must not only 'be aware of the facts from which the
3  inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
4  draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
5  have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,
6  no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
7  1188 (9th Cir. 2002)).

8  Defendant Romero failed to respond to the call "man down," and when Plaintiff's cellmate
9  subsequently told him Plaintiff had fallen and appeared badly injured, Defendant said it would have
10 to wait due to meal delivery. Defendant provided a form and said Plaintiff would need to fill out a
11 request for medical care. Plaintiff's cellmate then helped Plaintiff off the floor. At some point,
12 Plaintiff completed and submitted the form, because it was received by medical staff on June 20,
13 2009, the day of the injury, and later reviewed by a registered nurse on June 21, 2009. (Ex. B.)
14 Plaintiff was subsequently evaluated and treated on June 24, 2009. (Id.)

15 Assuming the existence of a serious medical need, which has been adequately pled, there is
16 no support for a finding that the minor delay caused by Defendant Romero's refusal to summon
17 immediate emergency medical care for Plaintiff and Defendant's decision to instead require Plaintiff
18 to submit a health care services request form caused Plaintiff to suffer any further injury. Plaintiff's
19 request for medical care was in the hands of medical staff the day of the injury, and the allegation
20 that by the time Plaintiff was seen, it was too late to apply ice does not support a claim for violation
21 of the Eighth Amendment based on further injury due to delay. Accordingly, the Court recommends
22 that Plaintiff's claim against Defendant Romero arising out of his failure to immediately summon
23 emergency medical care be dismissed, with prejudice.

24 **b.    Failure to Honor Lower Bunk, Lower Tier Chrono**

25 Plaintiff next alleges that Defendant Romero failed to honor the lower bunk, lower tier
26 chrono issued by a doctor on June 29, 2009. As a result, Plaintiff remained assigned to an upper
27 bunk on an upper tier until he was transferred to a different prison approximately two months later,
28 ///

on August 24, 2009.  Plaintiff alleges that during that time, he suffered extreme pain as a result of having to access a top bunk and having to go up and down stairs.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Romero for failing to honor Plaintiff's medical chrono.  The chrono, which was provided to Defendant Romero, stated that Plaintiff had a medical need for a lower bunk on a lower tier and at the time, Plaintiff had double knee braces and crutches.  Plaintiff claims that the failure to provide him with a medically appropriate bunk and cell assignment caused him to suffer severe, disabling pain in the course of accessing his bunk and tier.  That is sufficient to support an Eighth Amendment claim at the pleading stage.

## 2.   Section 845.6 Claim

Prison personnel have a statutory duty to summon medical care, and they may be held liable if they know or have reason to know that a prisoner is in need of immediate medical care, but they fail to take reasonable action to summon such care.  Cal. Gov't Code § 845.6 (West 2012); Lucas v. County of Los Angeles, 47 Cal.App.4th 277, 288 (Cal. Ct. App. 1996);  Watson v. State, 21 Cal.App.4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 168  Cal.App.3d 1174, 1185-86 (Cal. Ct. App. 1985).  To state a claim for violation of section 845.6, the plaintiff "must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care."  Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006).  "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal.App.4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099 (emphasis added).

Plaintiff's allegations are sufficient to state a claim against Defendant Romero as to the elements of a section 845.6 claim.  However, Plaintiff fails to allege compliance with the Government Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1]  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2

---

[1] Formerly known as the California Tort Claims Act.  City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

(West 2012).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 208-09 (Cal. 2007); <u>State v. Superior Court of Kings Cnty. (Bodde)</u>, 32 Cal.4th 1234, 1239 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1111 (9th Cir. 2001); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).

To state a claim, Plaintiff must specifically allege compliance with the Government Claims Act and he has not done so.  <u>Shirk</u>, 42 Cal.4th at 209; <u>Bodde</u>, 32 Cal.4th at 1239; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).  Therefore, Plaintiff fails to state a claim against Defendant Romero for violation of section 845.6.

**C.    <u>Claim Against Defendants Cate and Harrington</u>**

Finally, Plaintiff alleges that although he wrote letters to Defendants Cate and Harrington on June 29, 2009, alerting them to Defendant Romero's failure to provide emergency medical attention and complaining about the lack of training and the lack of bunk ladders, he did not receive any response.  Plaintiff wrote another letter to Defendant Cate on December 22, 2009, inquiring about his previous letter, but the response he received failed to adequately address the issues he raised.

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1948-49; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of <u>respondeat superior</u>, as each defendant is only liable for his or her own misconduct.  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1948-49; <u>Ewing</u>, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

///

1   Plaintiff's amended complaint sets forth no allegations to support a claim against Defendants

2   Cate and Harrington for acting with deliberate indifference toward Plaintiff's medical needs.

3   Defendants may not be held liable under section 1983 for Defendant Romero's misconduct based

4   merely on their positions of authority and no other viable basis for relief has been identified.

5   Therefore, the Court recommends dismissal of Defendants Cate and Harrington from this action.

6   **III.   Conclusion and Recommendation**

7   The Court finds that Plaintiff's amended complaint states an Eighth Amendment claim

8   against Defendant Romero for failing to honor Plaintiff's lower bunk, lower tier medical chrono.

9   However, Defendant Romero's failure to immediately summon medical care after Plaintiff's fall does

10  not state an Eighth Amendment claim, and Plaintiff fails to state any claims against Defendants Cate

11  and Harrington.  Further, Plaintiff's section 845.6 claim against Defendant Romero is not cognizable

12  because Plaintiff did not allege compliance with the Government Claims Act.

13  Plaintiff was previously provided with the legal standards applicable to his federal claims and

14  given leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809

15  F.2d 1446, 1448-49 (9th Cir. 1987).  Further leave to amend as to the federal claims is not warranted.

16  If Plaintiff complied with the Government Claims Act and he is in fact able to cure that deficiency

17  in his section 845.6 claim, he may provide notice of his ability to cure the deficiency in an objection

18  filed within the next thirty days.  Otherwise, the claim will be dismissed, without prejudice, for

19  failure to state a claim.

20  Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

21  1.   This action for damages proceed on Plaintiff's amended complaint against Defendant

22       Romero for failing to honor Plaintiff's medical chrono, in violation of the Eighth

23       Amendment;

24  2.   Plaintiff's Eighth Amendment claim against Defendant Romero arising out of the

25       failure to immediately summon medical care be dismissed, with prejudice, for failure

26       to state a claim under section 1983;

27  3.   Plaintiff's section 845.6 claim be dismissed, without prejudice, for failure to allege

28       compliance with the Government Claims Act; and

4.      Defendants Cate and Harrington be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    March 9, 2012           _____/s/ Sheila K. Oberto_____**
                                     UNITED STATES MAGISTRATE JUDGE