# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00024-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 22)<br><br>FIFTEEN-DAY OBJECTION DEADLINE |

**Findings and Recommendations Addressing Defendant's Motion to Dismiss**

**I.**     **Procedural History**

Plaintiff Chester Ray Wiseman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2010. This action for damages is proceeding on Plaintiff's amended complaint, filed on March 21, 2011, against Defendant Romero for failing to honor Plaintiff's lower bunk/lower tier medical chrono, in violation of the Eighth Amendment of the United States Constitution. The incident giving rise to Plaintiff's claim allegedly occurred between June and August 2009 at Kern Valley State Prison in Delano, California.

On September 12, 2012, Defendant filed a motion to dismiss for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an

1

opposition on October 22, 2012.[1]  Defendant did not file a reply and the motion has been submitted upon the record.  Local Rule 230(l).

## II.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## III.   Discussion

### A.   Appeals Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  During the relevant time

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 22-1, Motion.)

period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).[2] Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

### B. Parties' Positions

Defendant argues that Plaintiff failed to exhaust his claim that Defendant failed to honor his lower bunk/lower tier medical chrono. Defendant states that Plaintiff filed two inmate appeals while at Kern Valley State Prison, but the first appeal, log number KVSP-09-01601, grieved Plaintiff's fall from the upper bunk and the failure to provide immediate medical attention. (Doc. 22, Motion, Daviega Dec., ¶¶4, 5, Ex. B.) The second appeal was screened out as untimely and it concerned a legal matter rather than Plaintiff's claim against Defendant. (Id.)

In his amended complaint, Plaintiff alleges that he filed an inmate appeal and it was partially granted at the first and second levels of review, and then denied at the Director's Level of review. (Doc. 11, Amend. Comp., § II.)

In his opposition, Plaintiff argues that on July 8, 2009, he filed an inmate appeal against Defendant Romero for failing to honor his medical chrono, but he received no response, despite his inquires. (Doc. 24, Opp., Wiseman Dec., ¶¶2, 3, 5.) Plaintiff argues that staff disregarded or lost his appeal, rendering the process unavailable.

### C. Appeal Log Number KVSP-09-01601

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during

---

[2] The regulations were amended in 2011.

3

the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." <u>Sapp</u>, 623 F.3d at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); <u>accord</u> <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1211 (9th Cir. 2012).

Plaintiff filed appeal log number KVSP-00-01601 on July 1, 2009, and the appeal was exhausted on February 26, 2010. (Motion, Ex. B.) The appeal was partially granted at the first and second levels of review and it was denied at the Director's Level of review, which is consistent with the information provided by Plaintiff in his amended complaint. However, the appeal concerned Plaintiff's fall from an upper bunk, which preceded the issuance of the lower bunk/lower tier chrono, and the lack of medical care following the fall, a claim which was previously dismissed from this action.

The appeal made no mention that Defendant Romero or any other staff member was refusing to comply with a lower bunk/lower tier medical chrono. As such, appeal log number KVSP-09-01601 provided no notice to prison officials that Plaintiff's lower bunk/lower tier medical chrono was not being honored between June and August 2009, and the appeal does not suffice to exhaust that claim. <u>McCollum v. California Dep't of Corr. & Rehab.</u>, 647 F.3d 870, 876 (9th Cir. 2011); <u>Morton</u>, 599 F.3d at 946.

Exhaustion must occur prior to filing suit. <u>Jones</u>, 549 U.S. at 211; <u>Akhtar</u>, 698 F.3d at 1210; <u>McKinney</u>, 311 F.3d at 1199-1201. Here, Plaintiff filed suit on January 6, 2010, and the appeal was not exhausted until February 26, 2010.

### D. Availability of Administrative Remedies

Exhaustion is mandatory and unexhausted claims must be dismissed. <u>Jones</u>, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, <u>Woodford</u>, 548 U.S. at 90, and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, <u>Woodford</u>, 548 U.S. at 83-84 (quotations omitted). The failure to exhaust may be excused where the administrative

1  remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the
2  grievance process was unavailable to him through no fault of his own. Sapp, 623 F.3d at 822-23;
3  Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th
4  Cir. 2005).

5       Plaintiff attests, under penalty of perjury, that he filed an inmate appeal on July 8, 2009,
6  grieving Defendant Romero's failure to honor his medical chrono, but he never received a response.
7  Plaintiff further attests that on August 10, 2009, he submitted an "Inmate Request for Interview"
8  form to the appeals coordinator inquiring about the lack of response to his appeal, but again received
9  no response. Plaintiff also submits the declaration of an inmate witness who attests that he read
10 Plaintiff's appeal, which was about Defendant Romero's failure to honor Plaintiff's medical chrono,
11 and he watched Plaintiff place it in an envelope and deposit it in the appeals box on July 8, 2009.
12 (Opp., Rash Dec., ¶¶3, 4.) Included with Plaintiff's opposition and declaration are handwritten
13 copies of the appeal and the request form, and had this appeal been processed, it would have been
14 sufficient to exhaust Plaintiff's claim. Akhtar, 698 F.3d at 1211; Sapp, 623 F.3d at 824.

15      Defendant did not file a reply addressing Plaintiff's evidence or arguments that the
16 administrative remedies were rendered unavailable, Sapp, 623 F.3d at 823; Nunez, 591 F.3d at 1224,
17 and on the record before it, the Court cannot make a finding that Plaintiff lacks credibility or
18 otherwise failed to make reasonable, good faith efforts to exhaust his claim but was unable to do so,
19 see Morton, 599 F.3d at 945 (court did not err in finding the plaintiff failed to exhaust where he
20 presented no evidence of exhaustion at an evidentiary hearing). Based on Plaintiff's evidence that
21 he attempted to exhaust his claim against Defendant Romero but was unable to do so, and in the
22 absence of any regulation directing different or additional action by Plaintiff in such a circumstance,
23 Defendant's motion must be denied. Contreraz v. Stockbrige, No. 1:06-cv-01817-LJO-SKO PC,
24 2011 WL 2620367, at *1 (E.D. Cal. Jun. 29, 2011).

25 ///
26 ///
27 ///
28  ///


## IV. Order

Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed on September 12, 2012, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 12, 2013**              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE